**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-01153

JOHN GOKEY, BRITTANY LOPEZ,
JEREMIAH FISHER,  individually and as
natural guardian of N.F., DEENA ABEYTA,
DARRELL BALES, DONALD OTTO, DEBRA
OTTO, DANIEL HERNANDEZ,  individually
and as natural guardian of M.H., E.H., and T.J,
BEATRICE HERNANDEZ, RICKY
BECKNER, ONICA BECKNER, PATRICIA
ROBERSON, CHRISTINE BROWN,
individually and as natural guardian of E.M.,
M.C., J.C., and E.C., SANDRA WEAVER,
JAMES WEAVER, LINDSEY WEAVER,
MICHAEL MAGEE, BETINA MAGEE,
ADRIAN SNIPES, MARTHA SNIPES, GARY
SNIPES, LAURA WIESNER, ELIZABETH
VLASCITY, DAWN VLASCITY, KIRK
VLASCITY, GARY ANTONIO, DEBRA
ANTONIO, CHARLIE SCOTT, CHASAITY
PEOPLES,  individually and as natural guardian
of K.P. and V.B., LANA CHADBOURNE,
JOHN CHADBOURNE, KAITLYN
CHADBOURNE, HANNAH NICOLE
CHADBOURNE, ARTHUR HENNESSEY,
DONALD HILL, LINDA SLAGLE, CELSA
MORGAN, RONALD MORGAN, JR., BRYAN
HEATH, JONAS GONZALES, ANDRESITA
GONZALES, CORA TACLUYAN, KARLA
HONNEYWELL, MIKE HONNEYWELL,
KRISTEN HONNEYWELL, BRIAN
HONNEYWELL, REGINA CHAMBERS,
individually and as natural guardian of Z.C.,
M.C., and D.C., LAURA GIBSON, SARAH
HUDLER, KAESHA HELKEY, KIERRA
HELKEY, CHELSEA HELKEY, RHONDA
ADAMS, DAVID ADAMS, DOROTHY
BREWINGTON, JACQUELYN CONKLIN,
SHIRLEY ANDERSON, BRIAN ULLOM,
MICA ULLOM,  individually and as natural

1

guardian of C.U., M.U., and S.U., STEPHEN
DABELKO, BRENDA DABELKO,
MARLENE GASTER, REGINALD COOPER,
IAN JEWELL, GREGORY BARNES, TARA
DORETY, PAUL DORETY, THERESE
SHELLEMAN, individually and as natural
guardian of T.A., LUCINDA LOPEZ,
ANTONIO LOPEZ, RONDALYNN
CARLUCCI, LISA SETTLES, JOHN
SETTLES, KEVIN ROBERTS, ANGELITA
MARIE PUTNAM, ROBERT GEORGE
PUTNAM,  individually and as natural guardian
of M.P., ERMINIO MARTINEZ, CHRISTINE
HARBERT-MARTINEZ, RANDALL
ZORTMAN, NORMA ZORTMAN, KEVIN
TOWNER, CYNTHIA TOWNER,  individually
and as natural guardian of J.T. and R.T.,
THERESA ANDERSON, ROBERT
ANDERSON, CORY WOOLDRIDGE,
CAROLYN WALDEN, JAMES
WOOLDRIDGE, JESSICA WOOLDRIDGE,
individually and as natural guardian of S.W. and
A.W., JOHN SIMMONS, TERESA SIMMONS,
JOE CANO, BRANDON REESE, LUCY
CANO, MARY FERNANDEZ, RENEE
REESE, MICHAEL KRAUSE, MARSHA
BASTIAN, LOIS POULSON,  individually and
as natural guardian of L.P., M.H., and B.D.,
HELGA ROLLINS, DONALD ROLLINS,
DARLA HOTCHKISS,  TERRY HOTCHKISS,
ROSA ASENCIO individually and as natural
guardian of I.G., BIANCA BOND, KEITH
BOND, STEVE DIXON, JULIA CHAVIRA,
CELCO CHAVIRA, DERRICK WISE, MYRA
KIRKPATRICK, DENNIS KIRKPATRICK,
individually and as natural guardian of D.K.., ,
FRANK ZAPIEN, CRYSTAL ZAPIEN,
individually and as natural guardian of J.M. and
A.M., GENEVIEVE ARMSTEAD, TENISHA
WILLIAMS, individually and as natural
guardian of T.P. and D.P., CRYSTAL
WILLIAMS, KEVIN WILLIAMS, BRANDON
ROBERTSON,  individually and as natural
guardian of N.R. and M.R., AMANDA
ALEXANDRES, individually and as natural

2

guardian of L.A., PATRICIA EATON,
RAMSEY KNOWLES,  individually and as
natural guardian of S.K., LAURA KNOWLES,
DAWN HILL,  JOSEPH WELTY, CARMEN
ABYETA, JOSE ABYETA, ELEANOR
GIRNIUS, VICKI ROSS, MELODY LEACH,
JAMES LEACH, ALEX LEACH,
ELIZABETH WIMMER, JAMES WILLIAMS,
JR., JAMES WILLIAMS, VICKIE WILLIAMS,
SUSAN GRAHAM, ANA TRACY, MICHAEL
ROSE, individually and as natural guardian of
M.R., ROBIN LEVY, KATHRYN CUMM-
HALL, ALLEN CUMM, ESTHER RIOS,
ASHLEY SPARKS, individually and as natural
guardian of  H.S. and B.S., CHAD SPARKS,
THERESA WALLACE, HARRY WALLACE,
HAZEL WALLACE, NICOLE MAGES,
FLORA SANTILLANES, RUBY ALIRE,
ELOY SANTILLANES, JAMES ZAJICEK,
RANDI LUCERO, individually and as natural
guardian of  A.L., J.L., and S.L., , MINH DIEP,
ANNAMARIA HENSLEY,  individually and as
natural guardian of M.H, CURTIS
CLEVELAND, WAYNE PATTERSON,
ANGELA GOLLIHER, SHANE GOLLIHER,
individually and as natural guardian of J.G. and
S.G., and KRISTINA GOLLIHER
*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC.,  individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and

3

as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiffs, John Gokey, Brittany Lopez, Jeremiah Fisher, individually and as natural guardian of
N.F., Deena Abeyta, Darrell Bales, Donald Otto, Debra Otto, Daniel Hernandez, individually and
as natural guardian of M.H., E.H., and T.J, Beatrice Hernandez, Ricky Beckner, Onica Beckner,
Patricia Roberson, Christine Brown, individually and as natural guardian of E.M., M.C., J.C., and
E.C., Sandra Weaver, James Weaver, Lindsey Weaver, Michael Magee, Betina Magee, Adrian
Snipes, Martha Snipes, Gary Snipes, Laura Wiesner, Elizabeth Vlascity, Dawn Vlascity, Kirk
Vlascity, Gary Antonio, Debra Antonio, Charlie Scott , Chasaity Peoples, individually and as
natural guardian of K.P. and V.B., Lana Chadbourne, John Chadbourne, Kaitlyn Chadbourne,
Hannah Nicole Chadbourne, Arthur Hennessey, Donald Hill, Linda Slagle, Celsa Morgan, Ronald
Morgan, Jr., Bryan Heath, Jonas Gonzales, Andresita Gonzales, Cora Tacluyan, Karla
Honneywell, Mike Honneywell, Kristen Honneywell, Brian Honneywell, Regina Chambers,
individually and as natural guardian of Z.C., M.C., and D.C., Laura Gibson, Sarah Hudler, Kaesha
Helkey, Kierra Helkey, Chelsea Helkey, Rhonda Adams, David Adams, Dorothy Brewington,
Jacquelyn Conklin, Shirley Anderson, Brian Ullom, Mica Ullom, individually and as natural
guardian of C.U., M.U., and S.U., Stephen Dabelko, Brenda Dabelko, Marlene Gaster, Reginald
Cooper, Ian Jewell, Gregory Barnes, Tara Dorety, Paul Dorety, Therese Shelleman, individually
and as natural guardian of T.A., Lucinda Lopez, Antonio Lopez, Rondalynn Carlucci, Lisa Settles,
John Settles, Kevin Roberts, Angelita Marie Putnam, Robert George Putnam, individually and as
natural guardian of M.P., Erminio Martinez, Christine Harbert-Martinez, Randall Zortman, Norma
Zortman, Kevin Towner, Cynthia Towner, individually and as natural guardian of J.T. and R.T.,
Theresa Anderson, Robert Anderson, Cory Wooldridge, Carolyn Walden, James Wooldridge,
Jessica Wooldridge, individually and as natural guardian of S.W. and A.W., John Simmons, Teresa
Simmons, Joe Cano, Brandon Reese, Lucy Cano, Mary Fernandez, Renee Reese, Michael Krause,
Marsha Bastian, Lois Poulson, individually and as natural guardian of L.P., M.H., and B.D., Helga
Rollins, Donald Rollins, Darla Hotchkiss,  Terry Hotchkiss, Rosa Asencio, individually and as
natural guardian of I.G., Bianca Bond, Keith Bond, Steve Dixon, Julia Chavira, Celco Chavira, ,

Derrick Wise, Myra Kirkpatrick, Dennis Kirkpatrick, individually and as natural guardian of D.K., , Frank Zapien, Crystal Zapien, individually and as natural guardian of J.M. and A.M., Genevieve Armstead, Tenisha Williams, individually and as natural guardian of T.P. and D.P.,  Crystal Williams, Kevin Williams, Brandon Robertson, individually and as natural guardian of N.R. and M.R., Amanda Alexandres, individually and as natural guardian of L.A., Patricia Eaton, Ramsey Knowles, individually and as natural guardian of S.K., Laura Knowles, Dawn Hill, Joseph Welty, Carmen Abyeta, Jose Abyeta, Eleanor Girnius, Vicki Ross, Melody Leach, James Leach, Alex Leach, Elizabeth Wimmer, James Williams, Jr., James Williams, Vickie Williams, Susan Graham, Ana Tracy, Michael Rose, individually and as natural guardian of M.R., Robin Levy, Kathryn Cumm-Hall, Allen Cumm, Esther Rios, Ashley Sparks, individually and as natural guardian of H.S. and B.S., Chad Sparks, Theresa Wallace, Harry Wallace, Hazel Wallace, Nicole Mages, Flora Santillanes, Ruby Alire, Eloy Santillanes, James Zajicek, Randi Lucero, indivudally and as natural guardian of A.L., J.L., and S.L., Minh Diep, Annamaria Hensley, individually and as natural guardian of M.H., Curtis Cleveland, Wayne Patterson, Angela Golliher, Shane Golliher, individually and as natural guardian of J.G. and S.G., and Kristina Golliher by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.      This complaint is a related action to Bell, et al., v. The 3M Company, et al., 16-cv-2351-RBJ.

2.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado.

3.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

4.     The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

5.     Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

6.     The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

7.     The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

8.     The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

9.     The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

10.     On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

11.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

6

12.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

13.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

14.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

15.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

16.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

17.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

18.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

19.    EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

20.    Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

21.    These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

22.    The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

23.    Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

24.    The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment,

---

[2] *Id.*

[3] *Id*.

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

25.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

26.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

27.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

28.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

29.     The Plaintiffs in this complaint were all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado at the relevant times.

## Health Effects of PFOS and PFOA Exposure

30.    Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

31.    PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

32.    The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

33.    In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

34.    In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

35.    In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

36.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

37.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

38.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

39.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

40.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

41.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty.   It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

42.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

43.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

44.     Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

45.     The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

46.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

47.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

48.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

49.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

50.     Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. See Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000).

The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff.

## PARTIES

51.    Plaintiff John Gokey is a resident of Fountain, Colorado, who currently owns and resides at 335 Iris Drive, Fountain, Colorado 80817. As a result of John Gokey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Gokey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

52.    Plaintiff Brittany Lopez is a resident of Colorado Springs, Colorado, who currently resides at 3375 Glen Arm Road, Lot 27, Colorado Springs, Colorado 80911. As a result of Brittany Lopez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brittany Lopez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

53.    Plaintiff Jeremiah Fisher, individually and as parent and natural guardian of N.F., is a resident of Colorado Springs, Colorado, who currently resides at 3375 Glenarm Road, Lot 27, Colorado Springs, Colorado 80911. The minor child N.F. is a resident of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeremiah Fisher and N.F. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Jeremiah Fisher has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

13

54.     Plaintiff Deena Abeyta is a resident of Colorado Springs, Colorado, who currently resides at 3375 Glenarm Road, Lot 28, Colorado Springs, Colorado 80911. As a result of Deena Abeyta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deena Abeyta has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

55.     Plaintiff Darrell Bales is a resident of Colorado Springs, Colorado, who currently resides at 338 Fairway South, Colorado Springs, Colorado 80906. As a result of Darrell Bales's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darrell Bales has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

56.     Plaintiff Donald Otto is a resident of Colorado Springs, Colorado, who currently owns and resides at 34 North Ely Street, Colorado Springs, Colorado 80911. As a result of Donald Otto's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Otto has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

57.     Plaintiff Debra Otto is a resident of Colorado Springs, Colorado, who currently owns and resides at 34 North Ely Street, Colorado Springs, Colorado 80911. As a result of Debbie Otto's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debbie Otto has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

58.     Plaintiff Daniel Hernandez, individually and as parent and natural guardian of M.H., E.H., and T.J, is a resident of Colorado Springs, Colorado, who currently owns and resides

14

at 340 Sherri Drive, Colorado Springs, Colorado 80911. The minor children M.H., E.H., and T.J. are residents of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Hernandez, M.H., E.H., and T.J have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Daniel Hernandez has been diagnosed with Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

59.     Plaintiff Beatrice Hernandez is a resident of Colorado Springs, Colorado, who currently resides at 340 Sherri Drive, Colorado Springs, Colorado 80911. As a result of Beatrice Hernandez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Beatrice Hernandez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

60.     Plaintiff Ricky Beckner is a resident of Colorado Springs, Colorado, who currently owns and resides at 341 Sherri Drive, Colorado Springs, Colorado 80911. As a result of Ricky Beckner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ricky Beckner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

61.     Plaintiff Onica Beckner is a resident of Colorado Springs, Colorado, who currently owns and resides at 341 Sherri Drive, Colorado Springs, Colorado 80911. As a result of Onica Beckner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Onica Beckner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

62.     Plaintiff Patricia Roberson is a resident of Colorado Springs, Colorado, who

15

currently resides at 3428 Spitfire Drive, Colorado Springs, Colorado 80911. As a result of Patricia Roberson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Roberson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

63.     Plaintiff Christine Brown, individually and as parent and natural guardian of E.M., M.C., J.C., and E.C., is a resident of Fountain, Colorado, who currently resides at 343 Linda Vista Drive, Fountain, Colorado 80817. The minor children E.M., M.C., J.C., and E.C. are residents of Fountain, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine Brown and E.M., M.C., J.C., and E.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Christine Brown has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

64.     Plaintiff Sandra Weaver is a resident of Colorado Springs, Colorado, who currently owns and resides at 345 Fleming Street, Colorado Springs, Colorado 80911. As a result of Sandra Weaver's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Weaver has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

65.     Plaintiff James Weaver, V is a resident of Colorado Springs, Colorado, who currently resides at 345 Fleming Street, Colorado Springs, Colorado 80911. As a result of James Weaver, V's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Weaver, V has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood,

and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

66.     Plaintiff Lindsey Weaver is a resident of Colorado Springs, Colorado, who currently resides at 345 Fleming Street, Colorado Springs, Colorado 80911. As a result of Lindsey Weaver's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lindsey Weaver has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

67.     Plaintiff Michael Magee is a resident of Colorado Springs, Colorado, who currently owns and resides at 3472 Tail Wind Drive, Colorado Springs, Colorado 80911. As a result of Michael Magee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Magee has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

68.     Plaintiff Betina Magee is a resident of Colorado Springs, Colorado, who currently owns and resides at 3472 Tail Wind Drive, Colorado Springs, Colorado 80911. As a result of Betina Magee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Betina Magee has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

69.     Plaintiff Adrian Snipes is a resident of Colorado Springs, Colorado, who currently resides at 348 Harvard Street, Colorado Springs, Colorado 80911. As a result of Adrian Snipes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adrian Snipes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

70.     Plaintiff Martha Snipes is a resident of Colorado Springs, Colorado, who currently

owns and resides at 348 Harvard Street, Colorado Springs, Colorado 80911. As a result of Martha Snipes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Martha Snipes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

71.     Plaintiff Gary Snipes is a resident of Colorado Springs, Colorado, who currently owns and resides at 348 Harvard Street, Colorado Springs, Colorado 80911. As a result of Gary Snipes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gary Snipes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

72.     Plaintiff Laura Wiesner is a resident of Colorado Springs, Colorado, who currently resides at 2516 Mesa Springs View, Colorado Springs, Colorado 80907. As a result of Laura Wiesner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Wiesner has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

73.     Plaintiff Elizabeth Vlascity is a resident of Colorado Springs, Colorado, who currently owns and resides at 35 Otowi Drive, Colorado Springs, CO 80911. As a result of Elizabeth Vlascity's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Vlascity has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.. The Plaintiff currently resides in or resided in El Paso County, Colorado.

74.     Plaintiff Dawn Vlascity is a resident of Colorado Springs, Colorado, who currently

resides at 35 Otowi Drive, Colorado Springs, Colorado 80911. As a result of Dawn Vlascity's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dawn Vlascity has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. and has been diagnosed with Kidney Cancer; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

75.     Plaintiff Kirk Vlascity is a resident of Colorado Springs, Colorado, who currently resides at 35 Otowi Drive, Colorado Springs, Colorado 80911. As a result of Kirk Vlascity's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kirk Vlascity has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

76.     Plaintiff Gary Antonio is a resident of Colorado Springs, Colorado, who currently owns and resides at 3520 Via Tierra Drive, Colorado Springs, Colorado 80911. As a result of Gary Antonio's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gary Antonio has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

77.     Plaintiff Debra Antonio is a resident of Colorado Springs, Colorado, who currently owns and resides at 3520 Via Tierra Drive, Colorado Springs, Colorado 80911. As a result of Debra Antonio's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Antonio has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Hypothyroidism; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

19

78.     Plaintiff Charlie Scott is a resident of Fountain, Colorado, who currently resides at 354 Maram Way, Fountain, Colorado 80817. As a result of Charlie Scott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlie Scott has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with. The Plaintiff currently resides in or resided in El Paso County, Colorado.

79.     Plaintiff Chasaity Peoples, individually and as parent and natural guardian of K.P. and V.B., at all relevant times hereto, was a citizen of the State of Colorado residing at 354 Maram Way, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 354 Maram Way, Fountain, Colorado 80817, Chasaity Peoples, K.P., and V.B. have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiffs currently resides 635 Alter Street, Apt. 1-302, Broomfield, Colorado 80020. The minor children are residents of Broomfield, Colorado.

80.     Plaintiff Lana Chadbourne is a resident of Colorado Springs, Colorado, who currently owns and resides at 3575 Via Tierra Drive, Colorado Springs, Colorado 80911. As a result of Lana Chadbourne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lana Chadbourne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

81.     Plaintiff John Chadbourne is a resident of Colorado Springs, Colorado, who currently resides at 3575 Via Tierra Drive, Colorado Springs, Colorado 80911. As a result of John Chadbourne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Chadbourne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El

Paso County, Colorado.

82.     Plaintiff Kaitlyn Chadbourne is a resident of Colorado Springs, Colorado, who currently owns and resides at 3575 Via Tierra Drive, Colorado Springs, Colorado 80911. As a result of Kaitlyn Chadbourne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kaitlyn Chadbourne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

83.     Plaintiff Hannah Nichole Chadbourne is a resident of Colorado Springs, Colorado, who currently resides at 3575 Via Tierra Drive, Colorado Springs, Colorado 80911. As a result of Hannah Nichole Chadbourne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hannah Nichole Chadbourne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

84.     Plaintiff Arthur Hennessey is a resident of Security, Colorado, who currently resides at 360 Wallace Street, Security, Colorado 80911. As a result of Arthur Hennessey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Arthur Hennessey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

85.     Plaintiff Donald Hill is a resident of Colorado Springs, Colorado, who currently owns and resides at 3605 West Cresta Loma Circle, Colorado Springs, Colorado 80911. As a result of Donald Hill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Hill has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

86.     Plaintiff Linda Slagle is a resident of Colorado Springs, Colorado, who currently owns and resides at 3605 West Cresta Loma Circle, Colorado Springs, Colorado 80911. As a result of Linda Slagle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Slagle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

87.     Plaintiff Celsa Morgan is a resident of Colorado Springs, Colorado, who currently resides at 3612 Tail Wind Drive, Colorado Springs, Colorado 80911. As a result of Celsa Morgan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Celsa Morgan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

88.     Plaintiff Ronald Morgan, Jr. is a resident of Colorado Springs, Colorado, who currently resides at 3612 Tail Wind Drive, Colorado Springs, Colorado 80911. As a result of Ronald Morgan, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronald Morgan, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

89.     Plaintiff Bryan Heath is a resident of Colorado Springs, Colorado, who currently owns and resides at 366 Main Street, Colorado Springs, Colorado 80911. As a result of Bryan Heath's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bryan Heath has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

22

90.     Plaintiff Jonas Gonzales is a resident of Colorado Springs, Colorado, who currently owns and resides at 3671 Red Baron Drive, Colorado Springs, Colorado 80911. As a result of Jonas Gonzales's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jonas Gonzales has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

91.     Plaintiff Andresita Gonzales is a resident of Colorado Springs, Colorado, who currently owns and resides at 3671 Red Baron Drive, Colorado Springs, Colorado 80911. As a result of Andresita Gonzales's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andresita Gonzales has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

92.     Plaintiff Cora Tacluyan is a resident of Colorado Springs, Colorado, who currently resides at 3671 Red Baron Drive, Colorado Springs, Colorado 80911. As a result of Cora Tacluyan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cora Tacluyan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

93.     Plaintiff Karla Honneywell is a resident of Colorado Springs, Colorado, who currently resides at 3679 Spitfire Drive, Colorado Springs, Colorado 80911. As a result of Karla Honneywell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karla Honneywell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

94.    Plaintiff Mike Honneywell is a resident of Colorado Springs, Colorado, who currently resides at 3679 Spitfire Drive, Colorado Springs, Colorado 80911. As a result of Mike Honneywell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mike Honneywell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

95.    Plaintiff Kristen Honneywell is a resident of Colorado Springs, Colorado, who currently resides at 3679 Spitfire Drive, Colorado Springs, Colorado 80911. As a result of Kristen Honneywell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristen Honneywell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

96.    Plaintiff Brian Honneywell is a resident of Colorado Springs, Colorado, who currently resides at 3679 Spitfire Drive, Colorado Springs, Colorado 80911. As a result of Brian Honneywell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Honneywell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

97.    Plaintiff Regina Chambers, individually and as parent and natural guardian of Z.C., M.C., and D.C., is a resident of Colorado Springs, Colorado, who currently resides at 37 Security Boulevard, Colorado Springs, Colorado 80911. The minor children Z.C., M.C., and D.C. are residents of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Regina Chambers, Z.C., M.C., and D.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.  The Plaintiffs currently reside in or

resided in El Paso County, Colorado.

98.    Plaintiff Laura Gibson is a resident of Colorado Springs, Colorado, who currently owns and resides at 3745 Allgood Drive, Colorado Springs, Colorado 80911. As a result of Laura Gibson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Gibson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

99.    Plaintiff Sarah Hudler is a resident of Colorado Springs, Colorado, who currently resides at 3745 Allgood Drive, Colorado Springs, Colorado 80911. As a result of Sarah Hudler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Hudler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

100.    Plaintiff Kaesha Helkey is a resident of Colorado Springs, Colorado, who currently owns and resides at 375 Briggs Place, Colorado Springs, Colorado 80911. As a result of Kaesha Helkey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kaesha Helkey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

101.    Plaintiff Kierra Helkey is a resident of Colorado Springs, Colorado, who currently owns and resides at 375 Briggs Place, Colorado Springs, Colorado. As a result of Kierra Helkey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kierra Helkey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

102.    Plaintiff Chelsea Helkey is a resident of Colorado Springs, Colorado, who currently owns and resides at 375 Briggs Place, Colorado Springs, Colorado 80911. As a result of Chelsea Helkey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chelsea Helkey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

103.    Plaintiff Rhonda Adams is a resident of Colorado Springs, CO, who currently owns and resides at 376 Harvard Street, Colorado Springs, CO 80911. As a result of Rhonda Adams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rhonda Adams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

104.    Plaintiff David Adams is a resident of Colorado Springs, CO, who currently owns and resides at 376 Harvard Street, Colorado Springs, CO 80911. As a result of David Adams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Adams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

105.    Plaintiff Dorothy Brewington is a resident of Colorado Springs, CO, who currently resides at 3830 Strawberry Field, Apt. A, Colorado Springs, CO 80906. As a result of Dorothy Brewington's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dorothy Brewington has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

106.    Plaintiff Jacquelyn Conklin is a resident of Colorado Springs, CO, who currently owns and resides at 39 North Ely Street, Colorado Springs, CO 80911. As a result of Jacquelyn

Conklin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacquelyn Conklin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

107.     Plaintiff Shirley Anderson is a resident of Colorado Springs, CO, who currently resides at 3910 Allgood Drive, Colorado Springs, CO 80911. As a result of Shirley Anderson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Anderson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

108.     Plaintiff Brian Ullom is a resident of Colorado Springs, CO, who currently owns and resides at 3910 Cooke Drive, Colorado Springs, CO 80911. As a result of Brian Ullom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Ullom has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Colitis; High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

109.     Plaintiff Mica Ullom, individually and as parent and natural guardian of C.U., M.U., and S.U., is a resident of Colorado Springs, CO, who currently owns and resides at 3910 Cooke Drive, Colorado Springs, CO 80911. The minor children, C.U., M.U., and S.U., are residents of Colorado Springs, CO.  As a result of Mica Ullom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mica Ullom has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

110. Plaintiff Stephen Dabelko is a resident of Colorado Springs, CO, who currently owns and resides at 3925 Allgood Drive, Colorado Springs, CO 80911. As a result of Stephen Dabelko's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Dabelko has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

111. Plaintiff Brenda Dabelko is a resident of Colorado Springs, CO, who currently owns and resides at 3925 Allgood Drive, Colorado Springs, CO 80911. As a result of Brenda Dabelko's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brenda Dabelko has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

112. Plaintiff Marlene Gaster is a resident of Colorado Springs, CO, who currently owns and resides at 3940 Sinnes Lane, Colorado Springs, CO 80911. As a result of Marlene Gaster's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marlene Gaster has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

113. Plaintiff Reginald Cooper is a resident of Colorado Springs, CO, who currently owns and resides at 3945 Cantrell Drive, Colorado Springs, CO 80911. As a result of Reginald Cooper's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Reginald Cooper has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso

28

County, Colorado.

114.    Plaintiff Ian Jewell at all relevant times hereto, was a citizen of the State of Colorado residing at 4065 Chenango Drive, Colorado Springs, CO 80911. As a result of Ian Jewell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 4065 Chenango Drive, Colorado Springs, CO 80911, Ian Jewell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides at 4 Masefield Avenue, Swindon, Wiltshire SN27HT.

115.    Plaintiff Gregory Barnes at all relevant times hereto, was a citizen of the State of Colorado residing at 40 Monk Street, Colorado Springs, CO 80911. As a result of Gregory Barnes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 40 Monk Street, Colorado Springs, CO 80911, Gregory Barnes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides at 308 Bristlecone Drive, Wofford Heights, CA 93285.

116.    Plaintiff Tara Dorety is a resident of Colorado Springs, CO, who currently owns and resides at 40 Monk Street, Colorado Springs, CO 80911. As a result of Tara Dorety's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tara Dorety has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

117.    Plaintiff Paul Dorety is a resident of Colorado Springs, CO, who currently owns and resides at 40 Monk Street, Colorado Springs, CO 80911. As a result of Paul Dorety's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Dorety has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with

High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

118.     Plaintiff Therese Shelleman, individually and as natural parent of T.A., is a resident of Pueblo, CO, who currently resides at 4014 Crestview Drive, Pueblo, CO 81008. The minor child, T.A., is a resident of Pueblo, CO.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Therese Shelleman and T.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Therese Shelleman has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

119.     Plaintiff Lucinda Lopez is a resident of Colorado Springs, CO, who currently resides at 402 De La Vista Street, Colorado Springs, CO 80911. As a result of Lucinda Lopez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lucinda Lopez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

120.     Plaintiff Antonio Lopez is a resident of Colorado Springs, CO, who currently owns and resides at 402 De La Vista Street, Colorado Springs, CO 80911. As a result of Antonio Lopez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Antonio Lopez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

121.     Plaintiff Rondalynn Carlucci is a resident of Fountain, CO, who currently owns and resides at 402 Linda Vista Drive, Fountain, CO 80817. As a result of Rondalynn Carlucci's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rondalynn Carlucci has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

122.    Plaintiff Lisa Settles is a resident of Colorado Springs, CO, who currently resides at 403 Pucket Circle, Colorado Springs, CO 80911. As a result of Lisa Settles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Settles has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

123.    Plaintiff John Settles is a resident of Colorado Springs, CO, who currently resides at 403 Pucket Circle, Colorado Springs, CO 80911. As a result of John Settles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Settles has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

124.    Plaintiff Kevin Roberts is a resident of Colorado Springs, CO, who currently owns and resides at 4037 Sandberg Drive, Colorado Springs, CO 80911. As a result of Kevin Roberts's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Roberts has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

125.    Plaintiff Angelita Marie Putnam is a resident of Colorado Springs, CO, who currently owns and resides at 404 Squire Street, Colorado Springs, CO 80911. As a result of Angelita Marie Putnam's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angelita Marie Putnam has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

126.    Plaintiff Robert George Putnam, individually and as parent and natural guardian of M.P., is a resident of Colorado Springs, CO, who currently owns and resides at 404 Squire Street,

31

Colorado Springs, CO 80911. The minor child, M.P., is a resident of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert George Putnam and M.P. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

127.     Plaintiff Erminio Martinez is a resident of Colorado Springs, CO, who currently owns and resides at 4043 Cooke Drive, Colorado Springs, CO 80911. As a result of Erminio Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erminio Martinez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

128.     Plaintiff Christine Harbert-Martinez is a resident of Colorado Springs, CO, who currently owns and resides at 4043 Cooke Drive, Colorado Springs, CO 80911. As a result of Christine Harbert-Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine Harbert-Martinez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

129.     Plaintiff Randall Zortman is a resident of Colorado Springs, CO, who currently owns and resides at 4057 Silver Star Grove, Colorado Springs, CO 80911. As a result of Randall Zortman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randall Zortman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

130.     Plaintiff Norma Zortman is a resident of Colorado Springs, CO, who currently owns

and resides at 4057 Silver Star Grove, Colorado Springs, CO 80911. As a result of Norma Zortman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Norma Zortman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

131.    Plaintiff Kevin Towner is a resident of Colorado Springs, CO, who currently resides at 4065 Charro Drive, Colorado Springs, CO 80911. As a result of Kevin Towner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Towner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

132.    Plaintiff Cynthia Towner, individually and as parent and natural guardian of J.T. and R.T., is a resident of Colorado Springs, CO, who currently owns and resides at 4065 Charro Drive, Colorado Springs, CO 80911.  The minor children, J.T. and R.T., are residents of Colorado Springs, CO.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cynthia Towner, J.T. and R.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

133.    Plaintiff Theresa Anderson is a resident of Colorado Springs, CO, who currently owns and resides at 4068 Sleepy Creek Drive, Colorado Springs, CO 80925. As a result of Theresa Anderson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Theresa Anderson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

134.    Plaintiff Robert Anderson is a resident of Colorado Springs, CO, who currently owns and resides at 4068 Sleepy Creek Drive, Colorado Springs, CO 80925. As a result of Robert

Anderson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Anderson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

135.    Plaintiff Cory Wooldridge is a resident of Colorado Springs, CO, who currently owns and resides at 4075 Chenango Drive, Colorado Springs, CO 80911. As a result of Cory Wooldridge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cory Wooldridge has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

136.    Plaintiff Carolyn Walden is a resident of Colorado Springs, CO, who currently owns and resides at 4075 Chenango Drive, Colorado Springs, CO 80911. As a result of Carolyn Walden's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carolyn Walden has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

137.    Plaintiff James Wooldridge is a resident of Colorado Springs, CO, who currently owns and resides at 4075 Chenango Drive, Colorado Springs, CO 80911. As a result of James Wooldridge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Wooldridge has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

138.    Plaintiff Jessica Wooldridge, individually and as parent and natural guardian of S.W. and A.W., is a resident of Colorado Springs, CO, who currently owns and resides at 4075

Chenango Drive, Colorado Springs, CO 80911. The minor children, S.W. and A.W., are residents of Colorado Springs, CO. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessica Wooldridge, S.W., and A.W. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Jessica Wooldridge has been diagnosed with Pregnancy Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

139.    Plaintiff John Simmons is a resident of Colorado Springs, CO, who currently resides at 408 Pecos Drive, Colorado Springs, CO 80911. As a result of John Simmons's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Simmons has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

140.    Plaintiff Teresa Simmons is a resident of Colorado Springs, CO, who currently owns and resides at 408 Pecos Drive, Colorado Springs, CO 80911. As a result of Teresa Simmons's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Teresa Simmons has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

141.    Plaintiff Joe Cano is a resident of Fountain, CO, who currently resides at 408 Rosewood Drive, Fountain, CO 80817. As a result of Joe Cano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joe Cano has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

142.    Plaintiff Brandon Reese is a resident of Fountain, CO, who currently resides at 408 Rosewood Drive, Fountain, CO 80817. As a result of Brandon Reese's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandon Reese has elevated levels of

PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

143.    Plaintiff Lucy Cano is a resident of Fountain, CO, who currently resides at 408 Rosewood Drive, Fountain, CO 80817.  As a result of Lucy Cano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lucy Cano has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

144.    Plaintiff Mary Fernandez is a resident of Fountain, CO, who currently owns and resides at 408 Rosewood Drive, Fountain, CO 80817. As a result of Mary Fernandez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Fernandez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

145.    Plaintiff Renee Reese is a resident of Fountain, CO, who currently owns and resides at 408 Rosewood Drive, Fountain, CO 80817. As a result of Renee Reese's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Renee Reese has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

146.    Plaintiff Michael Krause is a resident of Fountain, CO, who currently resides at 408 Sunny Lane, Fountain, CO 80817. As a result of Michael Krause's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Krause has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

147.    Plaintiff Marsha Bastian is a resident of Fountain, CO, who currently resides at 408

36

Sunny Lane, Fountain, CO 80817. As a result of Marsha Bastian's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marsha Bastian has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

148.    Plaintiff Lois Poulson, individually and as parent and natural guardian of L.P., M.H., and B.D., is a resident of Fountain, CO, who currently resides at 410 Comanche Village Drive, Apt. 201, Fountain, CO 80817. The minor children, L.P., M.H., and B.D., are residents of Fountain, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lois Poulson, L.P., M.H., and B.D. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Lois Poulson has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

149.    Plaintiff Helga Rollins is a resident of Colorado Springs, CO, who currently owns and resides at 410 De La Vista, Colorado Springs, CO 80911. As a result of Helga Rollins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply Helga Rollins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

150.    Plaintiff Donald Rollins is a resident of Colorado Springs, CO, who currently owns and resides at 410 De La Vista, Colorado Springs, CO 80911. As a result of Donald Rollins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Rollins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

151.    Plaintiff Darla Hotchkiss is a resident of Colorado Springs, CO, who currently owns and resides at 410 Garwood Court, Colorado Springs, CO 80911. As a result of Darla Hotchkiss's

exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darla Hotchkiss has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

152.    Plaintiff Terry Hotchkiss is a resident of Colorado Springs, CO, who currently owns and resides at 410 Garwood Court, Colorado Springs, CO 80911. As a result of Terry Hotchkiss's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terry Hotchkiss has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

153.    Plaintiff Rosa Asencio, individually and as parent and natural guardian of I.G., is a resident of Fountain, CO, who currently resides at 410 Hadley Street, Fountain, CO 80817. The mino child, I.G., is a resident of Fountain, CO.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rosa Asencio and I.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and I.G. has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

154.    Plaintiff Bianca Bond is a resident of Colorado Springs, CO, who currently owns and resides at 411 De La Vista Cir., Colorado Springs, CO 80911. As a result of Bianca Bond's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bianca Bond has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

155.    Plaintiff Keith Bond is a resident of Colorado Springs, CO, who currently owns and resides at 411 De La Vista Circle, Colorado Springs, CO 80911. As a result of Keith Bond's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keith Bond

has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

156.    Plaintiff Steve Dixon is a resident of Fountain, Colorado, who currently resides at 411 South Santa Fe Apt. 108, Fountain, Colorado 80817. As a result of Steve Dixon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steve Dixon has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

157.    Plaintiff Julia Chavira is a resident of Fountain, Colorado, who currently owns and resides at 412 E Iowa Avenue, Fountain, Colorado 80817. As a result of Julia Chavira's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julia Chavira has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

158.    Plaintiff Celco Chavira is a resident of Fountain, Colorado, who currently owns and resides at 412 E Iowa Avenue, Fountain, Colorado 80817.  As a result of Celco Chavira's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Celco Chavira has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

159.    Plaintiff Derrick Wise is a resident of Colorado Springs, Colorado, who currently owns and resides at 4123 Otto Lane, Colorado Springs, Colorado, 80911. As a result of Derrick Wise's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Derrick Wise has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

160.    Plaintiff Myra Kirkpatrick is a resident of Colorado Springs, Colorado, who currently owns and resides at 4135 Chenango Drive, Colorado Springs, Colorado, 80911. As a result of Myra Kirkpatrick's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Myra Kirkpatrick has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

161.    Plaintiff Dennis Kirkpatrick, individually and as natural guardian of D.K., is a resident of Colorado Springs, Colorado, who currently owns and resides at 4135 Chenango Drive. The minor child, D.K. is a resident of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dennis Kirkpatrick and D.K., has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Dennis Kirkpatrick has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

162.    Plaintiff Frank Zapien is a resident of Colorado Springs, Colorado, who currently resides at 4135 Otto Lane, Colorado Springs, Colorado, 80911. As a result of Frank Zapien's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Zapien has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

163.    Plaintiff Crystal Zapien, individually and as parent and natural guardian of J.M. and A.M., is a resident of Colorado Springs, Colorado, who currently resides at 4135 Otto Lane, Colorado Springs, Colorado, 80911. The minor children J.M. and A.M. are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Crystal Zapien, J.M. and A.M. has elevated levels of PFOA, PFOS,

and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

164.    Plaintiff Genevieve Armstead is a resident of Colorado Springs, Colorado, who currently resides at 4145 Novia Drive, Colorado Springs, Colorado, 80911. As a result of Genevieve Armstead's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Genevieve Armstead has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

165.    Plaintiff Tenisha Williams, individually and as parent and natural guardian of T.P. and D.P., is a resident of Colorado Springs, Colorado, who currently resides at 4145 Novia Drive. The minor children T.P. and D.P. are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tenisha Williams, T.P. and D.P., have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

166.    Plaintiff Crystal Williams is a resident of Colorado Springs, Colorado, who currently resides at 4145 Novia Drive, Colorado Springs, Colorado, 80911. As a result of Crystal Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Crystal Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

167.    Plaintiff Kevin Williams is a resident of Colorado Springs, Colorado, who currently resides at 4145 Novia Drive, Colorado Springs, Colorado, 80911. As a result of Kevin Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

168.     Plaintiff Brandon Robertson, individually and as parent and natural guardian of N.R. and M.R., is a resident of Colorado Springs, Colorado, who currently owns and resides at 415 Aspen Drive, Colorado Springs, Colorado, 80911. The minor children N.R. and M.R. are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandon Robertson, N.R. and M.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

169.     Plaintiff Amanda Alexandres, individually and as parent and natural guardian of L.A., is a resident of Colorado Springs, Colorado, who currently resides at 415 Aspen Drive, Colorado Springs, Colorado, 80911. The minor child, L.A., is a resident of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amanda Alexandres and L.A. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

170.     Plaintiff Patricia Eaton is a resident of Colorado Springs, Colorado, who currently owns and resides at 415 Marian Drive, Colorado Springs, Colorado, 80911. As a result of Patricia Eaton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Eaton has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

171.     Plaintiff Ramsey Knowles, individually and as parent and natural guardian of S.K., is a resident of Colorado Springs, Colorado, who currently resides at 4153 Pele Court, Colorado Springs, Colorado, 80911. The minor child S.K. is a resident of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Ramsey Knowles and S.K. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

172.    Plaintiff Laura Knowles is a resident of Colorado Springs, Colorado, who currently owns and resides at 4153 Pele Court, Colorado Springs, Colorado, 80911. As a result of Laura Knowles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Knowles has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

173.    Plaintiff Dawn Hill is a resident of Fountain, Colorado, who currently owns and resides at 416 N. Walnut Street, Fountain, Colorado 80817. As a result of Dawn Hill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dawn Hill has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

174.    Plaintiff Joseph Welty is a resident of Colorado Springs, Colorado, who currently owns and resides at 417 Harvard Street, Colorado Springs, Colorado, 80911.  Colorado Springs, CO 80911. As a result of Joseph Welty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Welty has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

175.    Plaintiff Carmen Abeyta is a resident of Colorado Springs, Colorado, who currently owns and resides at 4178 Sandberg Drive, Colorado Springs, CO 80911. As a result of Carmen Abeyta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carmen Abeyta has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

176.    Plaintiff Jose Abeyta is a resident of Colorado Springs, Colorado, who currently owns and resides at 4178 Sandberg Drive, Colorado Springs, CO 80911. As a result of Jose Abeyta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jose Abeyta has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

177.    Plaintiff Eleanor Girnius is a resident of Colorado Springs, Colorado, who currently owns and resides at 418 De La Vista Street, Colorado Springs, Colorado, 80911. As a result of Eleanor Girnius's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eleanor Girnius has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

178.    Plaintiff Vicki Ross is a resident of Colorado Springs, Colorado, who currently owns and resides at 42 Monk Street, Colorado Springs, Colorado, 80911. As a result of Vicki Ross's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vicki Ross has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

179.    Plaintiff Melody Leach is a resident of Colorado Springs, Colorado, who currently resides at 420 Dix Circle, Colorado Springs, Colorado, 80911. As a result of Melody Leach's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melody Leach has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

180.    Plaintiff James Leach is a resident of Colorado Springs, Colorado, who currently

resides at 420 Dix Circle, Colorado Springs, Colorado, 80911. As a result of James Leach's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Leach has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

181.    Plaintiff Alex Leach is a resident of Colorado Springs, Colorado, who currently resides at 420 Dix Circle, Colorado Springs, Colorado, 80911. As a result of Alex Leach's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alex Leach has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

182.    Plaintiff Elizabeth Wimmer at all times relevant hereto, was a citizen of the State of Colorado residing at 219 Fairfax Street, Widefield, Colorado, 80911.  As a result of Elizabeth Wimmer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Wimmer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides at 420 West Dayton Street Unit 934, Madison, Wisconsin 53703.

183.    Plaintiff James Williams, Jr. is a resident of Colorado Springs, Colorado, who currently owns and resides at 4205 Cantrell Drive, Colorado Springs, Colorado, 80911. As a result of James Williams, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Williams, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

184.    Plaintiff James Williams is a resident of Colorado Springs, Colorado, who currently owns and resides at 4205 Cantrell Drive, Colorado Springs, Colorado, 80911. As a result of James Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

James Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

185.   Plaintiff Vickie Williams is a resident of Colorado Springs, Colorado, who currently owns and resides at 4205 Cantrell Drive, Colorado Springs, Colorado, 80911. As a result of Vickie Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vickie Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

186.   Plaintiff Susan Graham is a resident of Colorado Springs, Colorado, who currently resides at 421 Chatfield Drive, Colorado Springs, Colorado, 80911. As a result of Susan Graham's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Graham has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

187.   Plaintiff Ana Tracy is a resident of Fountain, Colorado, who currently resides at 421 Columbine Street, Fountain, Colorado 80817. As a result of Ana Tracy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ana Tracy has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

188.   Plaintiff Michael Rose, individually and as parent and natural guardian of M.R., is a resident of Fountain, Colorado, who currently owns and resides at 421 Linda Vista Drive, Fountain, Colorado 80817. The minor child M.R. is a resident of Fountain, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Rose and M.P. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. ,

The Plaintiffs currently reside in or resided in El Paso County, Colorado.

189.    Plaintiff Robin Levy is a resident of Fountain, Colorado, who currently owns and resides at 421 Linda Vista Drive, Fountain, Colorado 80817. As a result of Robin Levy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robin Levy has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

190.    Plaintiff Kathryn Cumm-Hall is a resident of Colorado Springs, Colorado, who currently owns and resides at 423 Aspen Drive, Colorado Springs, Colorado, 80911. As a result of Kathryn Cumm-Hall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathryn Cumm-Hall has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

191.    Plaintiff Allen Cumm is a resident of Colorado Springs, Colorado, who currently owns and resides at 423 Aspen Drive, Colorado Springs, Colorado, 80911. As a result of Allen Cumm's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Allen Cumm has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

192.    Plaintiff Esther Rios is a resident of Colorado Springs, Colorado, who currently owns and resides at 423 Security Boulevard, Colorado Springs, Colorado, 80911. As a result of Esther Rios's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Esther Rios has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

193.    Plaintiff Ashley Sparks, individually and as parent and natural guardian of H.S. and

B.S., is a resident of Colorado Springs, Colorado, who currently owns and resides at 4245 Chenago Drive, Colorado Springs, Colorado, 80911. The minor children H.S. and B.S. are residents of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ashley Sparks, H.S. and B.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

194.    Plaintiff Chad Sparks is a resident of Colorado Springs, Colorado, who currently owns and resides at 4245 Chenago Drive, Colorado Springs, Colorado, 80911. As a result of Chad Sparks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chad Sparks has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

195.    Plaintiff Theresa Wallace is a resident of Colorado Springs, Colorado, who currently owns and resides at 4250 Cantrell Drive, Colorado Springs, Colorado, 80911. As a result of Theresa Wallace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Theresa Wallace has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

196.    Plaintiff Harry Wallace is a resident of Colorado Springs, Colorado, who currently owns and resides at 4250 Cantrell Drive, Colorado Springs, Colorado, 80911. As a result of Harry Wallace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Harry Wallace has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

197.    Plaintiff Hazel Wallace is a resident of Colorado Springs, Colorado, who currently resides at 4250 Cantrell Drive, Colorado Springs, Colorado, 80911. As a result of Hazel Wallace's

exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hazel Wallace has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

198.    Plaintiff Nicole Mages is a resident of Colorado Springs, Colorado, who currently owns and resides at 426 Aspen Drive, Colorado Springs, Colorado, 80911. As a result of Nicole Mages's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicole Mages has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

199.    Plaintiff Flora Santillanes is a resident of Colorado Springs, Colorado, who currently owns and resides at 4260 Cantrell Drive, Colorado Springs, Colorado, 80911. As a result of Flora Santillanes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Flora Santillanes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

200.    Plaintiff Ruby Alire is a resident of Colorado Springs, Colorado, who currently resides at 4260 Cantrell Drive, Colorado Springs, Colorado, 80911. As a result of Ruby Alire's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruby Alire has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

201.    Plaintiff Eloy Santillanes is a resident of Colorado Springs, Colorado, who currently owns and resides at 4260 Cantrell Drive, Colorado Springs, Colorado, 80911. As a result of Eloy Santillanes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Eloy Santillanes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

202.    Plaintiff James Zajicek is a resident of Colorado Springs, Colorado, who currently owns and resides at 427 Marian Drive, Colorado Springs, Colorado, 80911. As a result of James Zajicek's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Zajicek has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

203.    Plaintiff Randi Lucero, individually and as parent and natural guardian of A.L., J.L., and S.L., is a resident of Colorado Springs, Colorado, who currently owns and resides at 4290 Rollins Street, Colorado Springs, CO 80911. The minor children A.L., J.L and S.L are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randi Lucero, A.L., J.L., and S.L. have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

204.    Plaintiff Minh Diep is a resident of Colorado Springs, Colorado, who currently resides at 4310 Dooley Way, Colorado Springs, Colorado, 80911. As a result of Minh Diep's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Minh Diep has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

205.    Plaintiff Annamaria Hensley, individually and as parent and natural guardian of M.H., at all relevant times hereto, were citizens of the State of Colorado residing at 4310 Dooley Way, Colorado Springs, Colorado 80911.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annamaria Hensley and M.H. have elevated

levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently owns and resides at 4310 Dooley Way.

206.    Plaintiff Curtis Cleveland is a resident of Colorado Springs, Colorado, who currently owns and resides at 4323 Witches Hallow Lane, Colorado Springs, Colorado, 80911. As a result of Curtis Cleveland's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Curtis Cleveland has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

207.    Plaintiff Wayne Patterson is a resident of Colorado Springs, Colorado, who currently owns and resides at 433 Rose Drive, Colorado Springs, Colorado, 80911. As a result of Wayne Patterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wayne Patterson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

208.    Plaintiff Angela Golliher is a resident of Colorado Springs, Colorado, who currently owns and resides at 4330 Dooley Way, Colorado Springs, Colorado, 80911. As a result of Angela Golliher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Golliher has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

209.    Plaintiff Shane Golliher, individually and as parent and natural guardian of J.G. and S.G., is a resident of Colorado Springs, Colorado, who currently resides at 4330 Dooley Way, Colorado Springs, Colorado, 80911. The minor children, J.G. and S.G. are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Shane Golliher, J.G., and S.G., has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

210.    Plaintiff Kristina Golliher is a resident of Colorado Springs, Colorado, who currently resides at 4330 Dooley Way, Colorado Springs, Colorado, 80911. As a result of Kristina Golliher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristina Golliher has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

## **Defendants**

211.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

212.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

213.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or

employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

214.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

215.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

216.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

217.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

218.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

219.    Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc.  Fire

Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

220.     Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

221.     At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

222.     Defendant CHEMGUARD is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

223.     At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

224.     Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

225.     Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

226.   KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

227.   KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Connecticut corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

228.   KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

229.   Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

230.   Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

231.   Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

232.   Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

233.   Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

234.   WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

235.   KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

236.   Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

237.   Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

238.   KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

239.   UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

240.   Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

241. UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

242. NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

243. At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

244. AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

245. AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

246. AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

247.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

248.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

249.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

250.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

251.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

252.    The USAF uses 3% AFFF for its installations.

253.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

254.    3M was the only company to manufacture PFOS-containing AFFF.

255.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

256.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

257.    In 1947, 3M began producing PFOA via ECF.

58

258.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

259.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

260.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

261.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

262.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

263.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

264.    Early studies showed that PFCs accumulated in the human body and were toxic.

265.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

266.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

267.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M

concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

268.    In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

269.    Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

270.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

271.    These injuries can arise months or years after exposure to PFOA.

272.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

273.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

274.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

275.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

276.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

277.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

278.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

279.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

280.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

281.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

61

282.     In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

283.     As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

284.     Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

285.     Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

286.     Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

287.     A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

288. At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

289. Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

290. The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

291. PFOA and PFOS are present in all Defendants' AFFF products.

292. Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

293. Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

294.     Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

295.     Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

296.     Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

297.     The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

298.     The market for AFFF is ascertainable through standard discovery means.

299.     It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

300.     Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

64

## CONSPIRACY

301.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

302.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

303.    Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

304.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

305.    Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

306.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

307.    Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

308.    Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health

effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

309.    Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

310.    Using their considerable resources to fight PFOA and PFOS regulation; and

311.    Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

312.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

313.    Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

314.    Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

315.    Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

316.    Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

317.    Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

318. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

319. This cause of action is brought pursuant to Colorado law.

320. Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

321. Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

322. Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

323. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

324. Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

325. Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports,

including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

326.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

327.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

328.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

329.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

330.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

331.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

332.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

333.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

334.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

335.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

336.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

337.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

338.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

339.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

340.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

341.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

342.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

343.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

344.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

345.    Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

346.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

347.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable

possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

348.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

### AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING

349.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

350.    This cause of action is brought pursuant to Colorado law.

351.    In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

352.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination

of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

353.    Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

354.    Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

355.    As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

356.    Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

357.    Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

358.    Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

359.    Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

360.    A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial

treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

361.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

362.    This cause of action is brought pursuant to Colorado law.

363.    As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

364.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

365.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

366.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

367.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

368.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

369.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

370.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

371.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

372.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

373.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

374.    Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

375.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the

Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

376.    As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

377.    As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

378.    As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

379.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

### AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

380.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

381.    This cause of action is brought pursuant to Colorado law.

382.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

383.     Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

384.     The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

385.     Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

386.     These alternative designs and/or formulations were already available, practical, and technologically feasible.

387.     The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

388.     As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

389.     AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

390.     Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

391.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

392.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

393.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

394.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

395.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

396.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

397.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## <u>CLAIM FOR PUNITIVE DAMAGES</u>

398.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

399.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

400.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

401.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

402.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

403.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

404.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

405.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

406.    an order for an award of attorneys' fees and costs, as provided by law;

407.    an award of pre-judgment and post-judgment interest as provided by law; and

408.    an order for all such other relief the Court deems just and proper.

## JURY DEMAND

409.   Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 17, 2018                           Respectfully Submitted,

                                              **MCDIVITT LAW FIRM**

                                              /s/ Michael McDivitt
                                              Michael McDivitt
                                              Kelly Hyman
                                              19 East Cimarron Street
                                              Colorado Springs, CO 80903
                                              Telephone: (719) 471-3700
                                              E-mail: mmcdivitt@mcdivittlaw.com
                                              E-mail: khyman@mcdivittlaw.com


                                              **NAPOLI SHKOLNIK, PLLC**

                                              Hunter Shkolnik
                                              Paul J. Napoli
                                              Louise Caro
                                              Tate J. Kunkle
                                              Patrick J. Lanciotti
                                              360 Lexington Avenue, Eleventh Floor
                                              New York, NY 10017
                                              Telephone: (212) 397-1000
                                              E-mail: pnapoli@napolilaw.com
                                              E-mail: hunter@napolilaw.com
                                              E-mail: lcaro@napolilaw.com
                                              E-mail: tkunkle@napolilaw.com
                                              E-mail: planciotti@napolilaw.com